UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMAR ALLAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:24-CV-00087-HEA |
| | ) |
| CITY OF ST. LOUIS, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO EXTEND THE DEADLINE BY WHICH THE PARTIES MUST COMPLETE MEDIATION**

Defendants City of St. Louis, Joseph Nickerson, Clyde Bailey, Ronald Jackson, Gary Stittum, Jeffrey Crawford, Robert Oldani, Joseph Burgoon, and Christina Ross as Special Administrator of the Estate of Ralph Campbell (collectively "Defendants"), by and through their undersigned counsel, Nathan & Kamionski LLP, respectfully move this Court to extend the deadline by which the parties must complete mediation in this matter, and state as follows:

1. On October 15, 2024, the Court referred this case to alternative dispute resolution, and required the parties to complete mediation by June 15, 2025. *See* Dkt. 40.

2. On April 24, 2025, the parties jointly moved to extend the deadline to complete mediation to June 24, 2025, which the Court granted. *See* Dkt. 75, 76. The mediation deadline is currently June 24, 2025. *Id*.

3. In March 2025, the State of Missouri passed a bill giving the State complete control over the St. Louis Metropolitan Police Department ("SLMPD"). *See* HB 495; RSMO 84.325.[1]

---

[1] *See also* Keller, R., "Gov. Kehoe signs bill to put St. Louis police under state control." Missouri Indepdendent, Mar. 26, 2025, https://missouriindependent.com/2025/03/26/gov-mike-kehoe-signs-bill-to-put-st-louis-police-under-state-control/; Sabino, P., "Missouri Officials Seize Control of St. Louis Police, in Latest Bid to Shutter Local Reforms." BOLTS, Mar. 31, 2025, https://boltsmag.org/missouri-state-control-of-st-louis-police/.

SLMPD will therefore be under the control of a board of police commissioners, a state board made up of the St. Louis mayor and five governor-appointed commissioners. *Id.*

4. On June 13, 2025, the State of Missouri announced a new appointee to oversee SLMPD's board of police commissioners.[2] The deadline by which the board of police commissioners must be formed is on or about June 24, 2025, or 90 days after the bill passed. *See* HB 495 ("[N]o later than 90 days after the effective date of these provisions, five citizen commissioners, with one nonvoting member, shall be appointed by the Governor, with the advice and consent of the Senate, to the Board who shall serve together with Mayor of the City of St. Louis.").

5. The parties have mediation scheduled before Brad Winters on June 24, 2025.

6. For mediation to take place, representatives with settlement authority for both parties must be present. A representative from the City of St. Louis alone would not have authority to settle on behalf of Defendants.[3]

7. Due to the change in power as detailed above, a State representative is required to attend on behalf of Defendants. With the formation of the board taking place the same day as mediation, a State representative with settlement authority would not be available.

8. Thus, Defendants respectfully request this Court extend the deadline for the parties to complete mediation by an additional 45 days until the board of police commissioners is formed and a state representative with settlement authority has been identified.

---

[2] Fong, J., "Gov. Kehoe appoints transition director for St. Louis police board." KSDK, June 13, 2025, https://missouriindependent.com/2025/03/26/gov-mike-kehoe-signs-bill-to-put-st-louis-police-under-state-control/.

[3] *See* RSMO 84.325.3 ("Upon the assumption of control by the board of police commissioners under subsection 1 of this section, the state shall accept responsibility, ownership, and liability as successor-in-interest for contractual obligations and other lawful obligations of the municipal police department.").

9. On June 16 and 18, 2025, defense counsel consulted with Plaintiff's counsel and Plaintiff objects to this motion.

10. This motion is not brought to cause undue delay, and no party will be prejudiced by the Court granting the relief sought.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their motion and extend the deadline by which the parties must complete mediation by 45 days, or until August 8, 2025.

Dated: June 20, 2025                                    Respectfully submitted,

*/s/ Natalie Adeeyo*
Shneur Nathan, Avi Kamionski,
Natalie Adeeyo, & Breana Brill
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, IL 60661
(312) 957-6639

## **CERTIFICATE OF SERVICE**

I, Natalie Y. Adeeyo, an attorney, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

*/s/ Natalie Y. Adeeyo*
Natalie Y. Adeeyo
