UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR ALLAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24CV87 HEA |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel the City of St. Louis Circuit Attorney's Office to Comply with Plaintiff's Subpoena [Doc. No. 93]. Neither the City of St. Louis nor the Circuit Attorney's Office has responded to the Motion. For the reasons set forth below, Plaintiff's Motion will be granted.

## Background

In March 2025 Plaintiff served his subpoenas to gather information on Victim Service's facilitation of a witness assistance program with St. Louis Police Department funds. On March 17, 2025, the Circuit Attorney's Office ("CAO") accepted service of Plaintiff's first subpoena over email giving the office until March 31st to respond. That subpoena sought, inter alia, summary reports documenting payments to witnesses, in other cases, between 1980 and 2022. Based on versions of these reports produced to Plaintiff by the CAO during his state

court vacatur proceedings, Plaintiff believes such summary reports exist.

On March 25, 2025, Plaintiff consented to an additional 30 days for the CAO to respond to the First subpoena, giving the CAO until April 30, 2025 to respond, while also requesting the office produce documents on a rolling basis so that responsive documents could be used at upcoming depositions.

While the First Subpoena's response was still pending, based on information learned during an inspection of documents at the Missouri Department of Public Safety, on April 25, 2025, Plaintiff sought to issue a second subpoena to the CAO and asked the office to accept service over email.

On April 30, 2025, the CAO wrote to Plaintiff representing that it had located "some boxes of potentially responsive documents that [they were] in the process of reviewing for production," and seeking an additional 30 days on the First Subpoena. In a separate email, the CAO added that it would accept service of the Second Subpoena over email, if it could receive an extension on the First Subpoena until May 30, 2025. Plaintiff responded saying he could not consent to yet another lengthy extension in light of upcoming depositions. Nonetheless, Plaintiff proposed that if the CAO accepted service on the Second Subpoena over email, Plaintiff would agree to an extension on the First subpoena until May 9th.

Separately, Plaintiff agreed to an extension of the Second subpoena for an additional 30 days i.e., until May 26, 2025), without condition, while offering to

hold a meet and confer to discuss how to prioritize documents for a rolling production.

Defendants did not object to the subpoenas nor did they file a response to the Motion to Compel.

## Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 contains specific limitations relative to objections to providing discovery:

> (C) *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to move for a motion compelling disclosure after having made a good faith effort to resolve the dispute by conferring first with the other party. See Fed. R. Civ. P. 37(a).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2007 (3d ed. Oct. 2020 update). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id*., quoting *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).

"Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy ... encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Soc'y*, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007), quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Federal Rules distinguish between discoverability and admissibility of evidence. Fed. R. Civ. P. 26(b)(1), 32, and 33(a)(2) & (c). Therefore, the rules of

evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. But these considerations are not inherent barriers to discovery.

## Discussion

The Court finds Plaintiff's requests fall within the parameters of the discovery rules. Plaintiff explains that the requests will provide information on the policies within the City of St. Louis Police Department and the CAO regarding victim/witness assistance. This information is relevant to payments made in Plaintiff's underlying criminal case.

Plaintiff has attempted to resolve this issue with the CAO to no avail. Despite promises, the CAO has yet to produce the documents which it agreed to produce. As such, the Court agrees a date certain for production is appropriate.

## Conclusion

Plaintiff has demonstrated that the requested discovery is relevant and essential to Plaintiff's allegations. Plaintiff has also demonstrated that he cannot obtain the information sought through other, less burdensome means of discovery. Plaintiff's Motion will be granted

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel, [Doc. No. 93], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Circuit Attorney's Office for the

City of St. Louis Missouri shall produce the subpoenaed documents on or before

September 3, 2025.

Dated this 27th day of August,  2025.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE