UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMAR ALLAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-00087-HEA |
| | ) |
| CITY OF ST. LOUIS, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSED MOTION TO AMEND THE SECOND AMENDED SCHEDULING ORDER AND SET A NEW TRIAL DATE**

Defendants City of St. Louis, Joseph Nickerson, Clyde Bailey, Ronald Jackson, Gary Stittum, Jeffrey Crawford, Robert Oldani, Joseph Burgoon, and Christina Ross as Special Administrator of the Estate of Ralph Campbell (collectively "Defendants"), by and through their undersigned counsel, Nathan & Kamionski LLP, respectfully move this Court to amend the second amended scheduling order (Dkt. No. 99) and set a new trial date, pursuant to the Court's ruling at the January 13, 2026 motion hearing and for the reasons set forth below. In support of their motion, Defendants state as follows:

**INTRODUCTION**

At the January 13, 2026 motion hearing, this Court denied Defendants' motion to stay proceedings and directed the parties to revisit the fact discovery deadline to account for the rescheduling and taking of depositions. The Court granted Defendants fifteen days to disclose a police practices expert and made clear that the parties could amend discovery deadlines by agreement, joint motion, or motion with opposition. The Court further stated that the trial date of June 15, 2026 remains, subject to a motion for good cause.

Since the hearing, Defendants have retained and intend to disclose a police practices expert by the Court-set deadline of January 28, 2026. Defendants have also attempted in good faith to negotiate a revised fact discovery schedule with Plaintiff's counsel. Despite these efforts, the parties have been unable to reach an agreement due to Plaintiff's counsel's extremely limited availability for depositions. Accordingly, Defendants respectfully request that this Court amend the current scheduling order to ensure both parties have a meaningful opportunity to complete discovery and file dispositive motions prior to trial.

## RELEVANT BACKGROUND

The Second Amended Scheduling Order currently provides for a February 11, 2026 close of fact discovery; a March 11, 2026 deadline for dispositive motions; and a June 15, 2026 trial date. *See* Second Amended Scheduling Order (Dkt. No. 99). At the January 13, 2026 motion hearing, this Court ruled that the parties should revisit the close of fact discovery given the circumstances that have affected this litigation, including the need to reschedule certain depositions and the Court's grant of additional time for Defendants to disclose a police practices expert. (Transcript of January 13, 2026 Motion Hearing ("Mot. Hearing Tr."), attached hereto as Ex. 1, at 23-29).

Following the hearing, on January 15, 2026, counsel for the parties met and conferred via telephone to coordinate remaining depositions. During this call, Plaintiff's counsel identified the five remaining depositions they intend to take, and defense counsel identified ten additional depositions they seek to take. Counsel for the parties also engaged in email correspondence to identify dates of availability for these depositions. (*See* Email Correspondence from Defense Counsel Adeeyo to Plaintiff's Counsel Sloan, attached hereto as Ex. 2). During these discussions, Plaintiff's counsel offered only seven dates on which they are available for Defendants to conduct

depositions: February 2 and 3, 2026 (dates that were less than two weeks from the parties' meet and confer making it extremely difficult for Defendants to locate and serve witnesses in this timeframe); February 5 and 6, 2026 (dates that were initially set for the continued depositions of Defendants Burgoon and Jackson and the deposition of Defendant Oldani), and February 17, 20, and 23, 2026. Plaintiff's counsel further represented that they are otherwise unavailable from February 9 through April 2, 2026 due to various depositions, trials, and a prepaid vacation. (*See* Ex. 2; *see also* Email Correspondence from Plaintiff's Counsel Sloan to Defense Counsel Adeeyo, attached hereto as Ex. 3).[1] Ultimately, no additional deposition dates were provided by Plaintiff's counsel despite the parties' continued conversations. (*See* Email Correspondence between Plaintiff's Counsel Freudenberger and Defense Counsel Adeeyo, attached hereto as Ex. 5 and 6).

First, this schedule is wholly unreasonable and effectively denies Defendants any meaningful opportunity to take necessary depositions. Defendants intend to depose the Plaintiff, his prior criminal and post-conviction counsel, as well other key witnesses, including Plaintiff's alibi witness and two witnesses who were interviewed on the night of Markus Boyd's murder. These depositions are critical to Defendants' defense. With only five practical dates offered between now and April 2nd, and with Plaintiff's counsel claiming unavailability for a nearly two-month period, Defendants simply cannot complete the discovery necessary to adequately file dispositive motions and prepare for trial.

---

[1] Additionally, Plaintiff's counsel's claim of having limited availability appears to be not entirely accurate. Plaintiff only provided February 2, 3, 5, 6, 17, 20, and 23 as additional deposition dates. However, when Defendant Bailey's January 26, 2026 deposition was cancelled due to inclement weather in St. Louis, Plaintiff's counsel provided three new dates of availability to reschedule Defendant Bailey's deposition. (*See* Email Correspondence from Plaintiff's Counsel Green to Defense Counsel Adeeyo, attached hereto as Ex. 4). These deposition dates were never provided to defense counsel as possible dates for depositions during the parties' meet and confer or in any of the subsequent email exchanges.

Plaintiff's counsel's position that Defendants should be limited to only five deposition dates while Plaintiff's counsel, a team of at least five attorneys of record, is unavailable for the entirety of March is unreasonable and substantially prejudicial to Defendants. If depositions cannot resume until after April 2, 2026, then fact discovery cannot reasonably close until those depositions are completed. Thereafter, Defendants must have adequate time to prepare and file their dispositive motion. Because the parties have now reached an impasse on scheduling, defense counsel respectfully seeks the Court's intervention.

## ARGUMENT

### I.  GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER.

Under Rule 16(b), a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Good cause exists here because the current deadlines cannot be met due to circumstances largely outside of Defendants' control.

First, this Court has recognized the unique circumstances affecting this case, including the confusion caused by recent changes in Missouri law that further created questions surrounding litigation funding and authority for defense counsel. (*See* Mot. Hearing Tr., Ex. 1, at 5-8). At the January 13, 2026 hearing, the Court acknowledged these nuances and granted Defendants additional time to secure a police practices expert. (*Id.* at 20:25-21:3, 23:4-10). Furthermore, the Court explained that the close of discovery was something the parties needed to revisit. (*Id.* at

4

26:16-18). During the meet and confer with Plaintiff's counsel, Defendants attempted to revisit the issue of the fact discovery deadline, but Plaintiff has not provided Defendants much of any latitude to take depositions past the February 11th deadline, aside from three dates. Plaintiff's counsel has also seemingly expressed unwillingness to move the dispositive motions deadline despite the need for additional depositions for both parties. (*See* Email Correspondence from Plaintiff's Counsel Freudenberger to Defense Counsel Adeeyo, attached hereto as Ex. 7).

Furthermore, Plaintiff's counsel's limited availability makes compliance with the current deadlines impossible. Defendants cannot complete the remaining necessary depositions in this case when opposing counsel offers only five practical dates across three months. This constraint is not of Defendants' making, and constitutes good cause for amending the scheduling order. Five days is not enough to take five depositions noticed by Plaintiff and the ten depositions Defendants need to take. The unrealistic schedule Plaintiff proposes makes it impossible for Defendants to meaningfully participate in fact discovery.

Moreover, the interests of justice require that Defendants have a fair opportunity to conduct discovery and prepare a defense. Plaintiff's claims span decades and involve serious allegations against multiple individual defendants. These defendants are entitled to take deposition of the Plaintiff and other witnesses, and to file appropriate dispositive motions. Defendants were prepared to work diligently through February and March to complete fact discovery and file their dispositive motion to meet the trial date of June 15, 2026. However, Plaintiff's unavailability makes that timeline impracticable. Defendants should not be forced to forfeit their right to develop their defense due to Plaintiff's counsel's unrelated trial and vacation schedules.

Additionally, Defendants have acted diligently in attempting to resolve these scheduling issues. Following the January 13, 2026 hearing, Defendants' counsel promptly engaged with

5

Plaintiff's counsel to coordinate depositions. When it became clear that Plaintiff's counsel had extremely limited availability, defense counsel proposed alternatives and sought to find mutually agreeable dates. Notwithstanding the confusion created by a change in Missouri law addressed with the Court at the last hearing, the inability to reach an agreement on a revised schedule is not due to any lack of diligence on Defendants' part, but rather stems from Plaintiff's counsel's limited availability through April. Accordingly, the current discovery schedule should be adjusted to allow the parties to take the depositions necessary to vet the claims and defenses in this case.

**II.     Defendants' Proposed Amended Schedule is Reasonable.**

Due to Plaintiff's scheduling constraints, Defendants propose the following amendments to the schedule order: (1) Fact discovery shall close on April 30, 2026, which allows sufficient time for the parties to complete depositions and all remaining discovery after Plaintiff's counsel becomes available following April 2, 2026; and (2) Defendants' dispositive motion shall be filed by May 31, 2026, which provides Defendants 30 days after the close of fact discovery to prepare and file any summary judgment or other dispositive motions.

**III.    The Trial Date Should Be Continued to a Date After August 2026.**

In light of the foregoing schedule constraints and the significant pretrial preparation this case requires, Defendants respectfully request that the Court continue the trial date to a date after August 2026. At the January 13th hearing, the Court noted that "[t]he trial setting is still going to be the trial setting as is currently set subject to and in agreement by the parties ***or a motion by one party or another for good cause to change that date[.]***" (Mot. Hearing Tr., Ex. 1, 26:19-22) (emphasis added). The current schedule leaves insufficient time between the proposed dispositive motions deadline and the June 15, 2026 trial date for proper summary judgment briefing, the

6

resolution of any other motions, and the necessary pre-trial filings. Thus, good cause exists for Defendants to move the Court to continue the trial date.

Plaintiff's counsel has represented that they are unavailable from February 9 through April 2, 2026 due to depositions, trials, and a prepaid vacation. This extended period of unavailability has created a compressed timeline that makes the current June 15, 2026 trial date unworkable. The proposed amended schedule above would extend fact discovery to April 30, 2026, and dispositive motions to May 31, 2026. This leaves only two weeks between the dispositive motion deadline and the June 15, 2026 trial date, which is an insufficient time for briefing on the motion.

Beyond the completion of fact discovery and the filing of dispositive motions, the parties must also complete essential pretrial filings before this matter proceeds to trial. These filings include motions i*n limine* to address evidentiary issues, *Daubert* motions to challenge expert testimony, proposed jury instructions, and a comprehensive pretrial order. Each of these filings require substantial time and attention to prepare properly, and the parties must have adequate time to draft and respond to these filings. Rushing these pretrial filings would prejudice both parties. Under the current schedule, even with the proposed amendments to the discovery and dispositive motion deadlines, there would be insufficient time between the resolution of summary judgment briefing and the trial date to complete these critical pretrial submissions.

As such, given Plaintiff's counsel extended unavailability through April, the need to complete discovery and dispositive motion practice thereafter, and the substantial pretrial filings that must be prepared and resolved before trial, good cause exists to continue the trial date to a date after August 2026. This continuance will ensure that both parties have a meaningful opportunity to prepare for trial and that the Court has sufficient time to resolve all pretrial matters.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order amending the Second Amended Scheduling Order to provide that: (1) fact discovery shall close on April 30, 2026; (2) Defendants' dispositive motion shall be filed by May 31, 2026; and (3) the June 15, 2026 trial date be continued until after August 2026 to allow for adequate preparation following the resolution of dispositive motions.

Dated: January 27, 2026

Respectfully submitted,

/s/ Natalie Adeeyo
Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Natalie Y. Adeeyo (IL 6323542)
Breana Brill (IL 6338755)
Ronnie L. White, II (MO 67165)
Rebecca S. Vossmeyer (MO 70342)
*Attorneys for Defendants*
206 South Jefferson Street
Chicago, IL 60661
(312) 957-6639
nadeeyo@nklawllp.com

Dated:  January 27, 2026

**CERTIFICATE OF SERVICE**

I, Natalie Y. Adeeyo, an attorney, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

*/s/ Natalie Y. Adeeyo*
Natalie Y. Adeeyo
