**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAMAR ALLAN JOHNSON | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 4:24CV87 HEA |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike the Deposition of Defendant Gary Stittum as a Sanction for Plaintiff's Counsel's Deposition Misconduct, [Doc. No. 135]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be denied.

At issue is the deposition of Defendant Gary Stittum, who was a homicide detective at the time of the events underlying this action

Plaintiff alleges that Defendant Stittum, and other defendant officers, engaged in misconduct in connection with the 1994 Markus Boyd murder investigation, including the alleged fabrication of eyewitness James "Greg" Elking's live lineup identification of Plaintiff as the individual he saw shoot and kill Markus Boyd.

On January 27, 2026, Defendant Stittum appeared for his noticed deposition. The deposition was taken by videoconference. Defendants argue that from the outset of the deposition, Plaintiff's counsel engaged in a pattern of misconduct that fundamentally undermined the integrity of the proceedings. At the close of the deposition, defense counsel summarized on the record the claimed misconduct:

> I would like the record to reflect opposing counsel Ms. Green's unprofessional behavior throughout the entirety of this deposition, including but not limited to her repeatedly harassing the witness, laughing in response to the witness's statements during the deposition, also laughing at my objections, repeatedly talking over me, talking over the witness, speaking over the Court Reporter, preventing my ability to appropriately make a record.

In response, Plaintiff argues that counsel was not harassing the witness, rather, counsel was examining Defendant Stittum based on his responses to her inquiries. Counsel pursued lines of questioning in response to what she perceived as nonresponsive to the questions. Plaintiff further argues counsel did not intend any disrespect to Defendant and apologized if it was taken as such.

Defendant also claims counsel attempted to obtain privileged information when she asked what was discussed between Defendant Stittum and his counsel during a break. According to Plaintiff, counsel inquired about the break because of Defense counsel's timing of the request for a break and his failure to agree to take the break after four more questions.

Pursuant to Federal Rule of Civil Procedure 30(d)(2), "[t]he court may impose an appropriate sanction -- including the reasonable expenses and attorney's fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). "Such sanctions are properly imposed to deter ongoing and subsequent discovery abuses." *Security Nat. Bank of Sioux City, IA v. Day*, 800 F.3d 936, 942 (8th Cir. 2015). " '[T]he decision to impose a sanction, the nature of the sanction imposed, and the factual basis for the ... decision' " is within the court's decision." *Id*. at 941. But "[s]ound authority must support a sanction, and the manner in which the sanction is imposed must be consistent with its purpose." *Id*. at 942. Sanctions have been imposed by courts under Rule 30(d)(2) where the record demonstrated answers were improperly transmitted to the deponent, *McElheny v. Masterack Installation, Inc.*, 2021 WL 5548142, at *2-3 (W.D. Mo. 2021), and where it was undisputed counsel coached a deponent, *Schaffhauser v. United Parcel Serv., Inc.*, 2014 WL 221963, at *1-2 (E.D. Ark. 2014).

In addition, courts have the inherent power, when exercised with restraint and discretion, "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); see also *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018); *Wescott Agri-Prod., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012). "In appropriate

cases, a court may select from the menu of sanctions available under its inherent powers the draconian sanction of dismissal to the less severe sanction of an assessment of attorney's fees, to an intermediate sanction of the exclusion of evidence or testimony, or an adverse inference jury instruction." *Books Are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 553 (S.D. Iowa 2007) (internal quotation marks and citations omitted).

It is curious Defendants ask the Court to strike Defendant's deposition when the behavior of which they complain is that of counsel, not of Plaintiff. Furthermore, Defendants argue that the same type of sanctionable behavior occurred in the deposition of a separate defendant in this case, but they do not seek to strike that deposition. Moreover, Defendants attempt to bolster their position by arguing that a member of counsel's law firm was sanctioned for similar behavior in a separate matter, however, the actions of a different attorney in a different case have nothing to do with the matter before this Court.

On the other hand, Plaintiff's attorney, in conducting the deposition, was quick to speak over others and appeared insensitive to the deponent in questioning him about whether he ever wore hats. While counsel may not have intentionally offended Defendant Stittum, the Court reminds counsel of the obligation to act professionally at all times, and practice courtesy throughout all proceedings of a lawsuit.

4

Sound authority must support a sanction, and the manner in which the sanction is imposed must be consistent with its purpose. *Sec. Nat'l Bank of Sioux City, IA* 800 F.3d at 942; See also *Matter of Yagman*, 796 F.2d at 1183–84; see also Federal Judicial Center, Manual for Complex Litigation § 10.155 (4th ed. 2008); cf. *Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 439 n. 10 (8th Cir.1994).

When read in fairness to all parties, the portions of the deposition transcript before the Court are insufficient to support a finding that any person impeded, delayed, or frustrated the fair examination of Defendant Stittum, or abused the judicial process, warranting the imposition of sanctions requested by Defendant. For those reasons, the Motion to Strike the Deposition of Defendant Gary Stittum as a Sanction for Plaintiff's Counsel's Deposition Misconduct, [Doc. No. 135], is **DENIED**.

Dated this 9th day of July,  2026.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE